IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MANI IYER**, an Individial, § | |
| § | |
| **Plaintiff,** § | |
| § | **CAUSE NO. _____** |
| **vs.** § | |
| § | |
| **ALF POOR, an Individual, and SHANE** § | |
| **MCMAHON, an Individual,** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mani Iyer files this Original Complaint and, in support thereof, respectfully states:

### I.    PARTIES

1. Plaintiff Mani Iyer ("Iyer" or "Plaintiff") is a citizen of the State of Texas.

2. Defendant Alf Poor ("Poor") is a citizen of the state of New Jersey.

3. Defendant Shane McMahon ("McMahon") is a citizen of the state of New York.

### II.    JURISDICTION AND VENUE

4. This Court has jurisdiction over this case because Plaintiff has asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*.

5. Venue properly lies in this Court because the events and omissions giving rise to Plaintiff's claim (specifically Plaintiff's performance of his employment obligations) occurred in Houston, Harris County, Texas, which is in the District and Division in which suit has been filed.

### III.    WAIVER OF ARBITRATION AGREEMENT

6. Iyer initiated an action against Poor and McMahon pursuant to an Arbitration Agreement with Iyer's former employer, Soletrac, Inc., but, despite having been served with

notice of the arbitration, neither Poor nor McMahon filed an answer or otherwise responded. Accordingly, Poor and McMahon have waived the right to compel Plaintiff to pursue arbitration.

## IV.  COVERAGE

7. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

9. At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL BACKGROUND

10. In June 2021, Soletrac, Inc. ("Soletrac") and Iyer entered into an employment agreement (the "Agreement") wherein Iyer agreed to serve as Soletrac's Chief Executive Officer in exchange for, *inter alia*, an annual base salary of $400,000.00 and matching contributions to Iyer's 401K retirement plan as part of Soletrac's employee benefit plan.

11. On July 1, 2021, Iyer began work as Soletrac's CEO. Iyer performed his duties as agreed. In September 2022, Soletrac cut its employees' pay, including Iyer's, for the three-month period beginning October 1, 2022. For the remainder of 2022 and throughout 2023, Soletrac tried and failed to secure funding for its business. When it failed to secure the funding it needed, it, its parent company, Ideanomics, Inc., and Ideanomics' directors, McMahon and Poor, elected not to pay Soletrac's employees, including Plaintiff, from November 1, 2023, through December 31, 2023.

12. Throughout November and December 2023, Iyer continued to perform his duties as CEO, regularly working in excess of forty (40) hours per workweek. Soletrac, however, did

not compensate Iyer for any time worked, on either a salary or hourly basis.

13. At the end of 2023, Iyer resigned his employment, and the parties entered into a Mutual Separation Agreement and Release (the "Separation Agreement"), wherein Soletrac acknowledged its obligation to pay Iyer back pay and benefits, plus separation benefits totaling $236,903. The Separation Agreement provided for payment to Iyer upon a sale or other transaction contemplated by Ideanomics, Poor, and McMahon. Upon information and belief, Soletrac closed a sale that provided the funds from which Soletrac promised to pay Iyer.

14. To date, Soletrac and Ideanomics have failed and refused to pay Iyer the amounts due.

15. Soletrac and Ideanomics filed a petition for protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 301 *et seq.* on December 4, 2024.

## VI.   STATEMENT OF CLAIMS

*Failure to Pay Minimum Wage in Accordance with the FLSA (All Defendants)*

16. Iyer incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

17. During the relevant period, Poor and McMahon violated Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

18. In 2023, Soletrac failed to pay Iyer any wages during numerous workweeks in which Iyer engaged in commerce or Soletrac engaged in commerce pursuant to 29 U.S.C. § 206. No exemption or exception exists which would excuse Soletrac from its legal obligation to pay Iyer the federally-established minimum wage in each of the workweeks during which Iyer worked for Soletrac.

19. Soletrac's deliberate decision to not compensate Iyer for certain workweeks

constitutes a willful violation of the FLSA.

20. Poor and McMahon directly controlled the finances for Soletrac, including all payments to Iyer, and, accordingly, are individually liable for the failure to pay Iyer under the FLSA.

### *Failure to Pay Overtime Wages in Accordance with the FLSA (All Defendants)*

21. Iyer incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

22. During the relevant period, Poor and McMahon violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

23. In 2023, Soletrac failed to pay Iyer any wages during numerous workweeks in which he engaged in commerce or Soletrac engaged in commerce pursuant to 29 U.S.C. § 207. During these workweeks in which Soletrac failed to pay Iyer any wages, Iyer regularly worked in excess of forty (40) hours per workweek. Soletrac failed to pay Iyer time-and-a-half for all hours he worked in excess of forty (40) hours in a workweek.

24. Iyer was a non-exempt employee during the workweeks Soletrac failed to pay Iyer any wages because Soletrac failed to pay Iyer the minimum salary requirements under the FLSA.

25. Soletrac's deliberate decision to not compensate Iyer for certain workweeks constitutes a willful violation of the FLSA.

26. Poor and McMahon directly controlled the finances for Soletrac, including all payments to Iyer, and, accordingly, are individually liable for the failure to pay Iyer under the FLSA.

### *Breach of Fiduciary Duty under (ERISA) (All Defendants)*

27. Iyer incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

28. The Employee Retirement Income Security Act of 1974 ("ERISA") imposes a fiduciary duty on plan administrators and those who have discretionary authority, control, and/or responsibility for a plan. *See* 26 USC § 4975(e)(3).

29. Defendants Poor and McMahon exercised such discretionary authority, control, and/or responsibility for the 401K benefit plan administered by Soletrac.

30. The failure and refusal to make agreed contributions to Iyer's plan constituted an abuse of the discretionary authority, control, and/or responsibility to be exercised by Poor and McMahon. Further, such conduct constituted a breach of Poor's and McMahon's respective fiduciary duties.

31. Iyer has been harmed by Poor's and McMahon's respective breaches of their fiduciary duties because their respective breaches "impair[ed] the value of plan assets in [Iyer's] individual account." *See LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008).

### *Fraud/Fraudulent Inducement (All Defendants)*

32. Iyer incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

33. Poor and McMahon made multiple false statements to Iyer to induce Iyer to (a) continue working for Soletrac and (b) enter into the Separation Agreement. Among those false statements was the promise to pay Iyer from the proceeds of a pending sale of assets.

34. Defendants Poor and McMahon, upon information and belief, never intended to pay Iyer from the sale of the identified assets. Rather, Defendants Poor and McMahon intended

to sell the assets, distribute the proceeds to themselves, and leave Soletrac without any assets to satisfy the debt obligation to Iyer.

35. Iyer reasonably relied on the false statements by Poor and McMahon to Iyer's detriment.

36. Iyer has been harmed by Poor's and McMahon's false statements, and he hereby sues.

## VII.     JURY TRIAL DEMAND

37. Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## VIII.     REMEDIES

Wherefore, Iyer prays that the Court grant him the following relief:

    a. Minimum wage and overtime pay owed to Iyer in an amount to be determined by the jury;

    b. Compensatory damages as a consequence of Defendants' unlawful actions, in a precise amount to be determined by the jury;

    c. Liquidated damages, in an amount to be determined by the jury;

    d. Actual damages;

    e. Punitive damages;

    f. Restitution or such other relief to make whole Plaintiff;

    g. Prejudgment and post-judgment interest;

    h. Reasonable attorneys' fees, expenses and costs of the action; and

    i. Such other legal and equitable relief as the Court shall deem just and proper.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM PC**
8080 North Central Expressway, Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(214) 443-7861 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF
MANI IYER**

# EXHIBIT A

## *PLAINTIFF MANI IYER'S CONSENT TO FLSA ACTION*

I, Mani Iyer, hereby consent to be named as a party Plaintiff in the Original Complaint filed against Alf Poor and Shane McMahon for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as outlined in the Original Complaint.

I have read, reviewed, and understand the Original Complaint, and I affirm that I have personal knowledge of the claims made therein. I wish to receive a monetary recovery.

In this action, I am represented by Michael E. Coles, of The Coles Firm P.C., 8080 North Central Expressway, Suite 1700, Dallas, Texas 75206, and Elizabeth Aten Lamberson, of The Lamberson Law Firm PC, 6333 E. Mockingbird Ln, Suite 147-524, Dallas, Texas 75214.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_19th March 2025__
Date

_____
Mani Iyer