IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MANI IYER, an Individual** § | | |
| Plaintiff, § | | |
| § | **CASE 4:25-CV-01336** | |
| v. § | | |
| § | | |
| **ALF POOR, an Individual, and** § | **JURY DEMANDED** | |
| **SHANE MCMAHON, an** § | | |
| **Individual,** § | | |
| Defendants. § | | |

### DEFENDANTS ALF POOR AND SHANE MCMAHON'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Subject to, without waiving, and preserving their arguments[1] that this Court does not have personal jurisdiction over this matter, Defendants Alf Poor and Shane McMahon (collectively, "Defendants") deny each and every factual and legal assertion included in Plaintiff Mani Iyer's ("Plaintiff") First Amended Complaint ("First Amended Complaint"), except as may be specifically admitted below, and hereby files its Original Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint, and states, subject to the affirmative defenses that follow:

---

[1] Defendants filed their first Motion to Dismiss for Lack of Personal Jurisdiction on June 16, 2025 [Dkt. 15]. This Court denied the Motion as moot on August 12, 2025, following Plaintiff's filing of his First Amended Complaint [Dkt. 25] on July 21, 2025. [Dkt. 30]. Defendants reasserted their arguments given the lack of additional pleadings as to personal jurisdiction in Plaintiff's First Amended Complaint, filing their Second Motion to Dismiss for Lack of Personal Jurisdiction on August 11, 2025. [Dkt. 28]. This Court then denied Defendants Second Motion to Dismiss on September 5, 2025. [Dkt. 34].

## ANSWER

Defendants answer as follows, and the headings and numbers assigned to these paragraphs correspond to the headings and numbered paragraphs in Plaintiff's First Amended Complaint:

### I.   PARTIES

1. Defendants admit the allegations contained in Paragraph 1 of the First Amended Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the First Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the First Amended Complaint.

### II.   JURISDICTION & VENUE

4. Defendants admit that the Court has federal question jurisdiction over this action because Plaintiff has asserted a claim under the Fair Labor Standards Act ("FLSA"). Defendant denies the remaining allegations contained in Paragraph 4 of the First Amended Complaint, to the extent this Paragraph concerns any allegations concerning personal jurisdiction.

5. Defendants admit the allegations contained in Paragraph 5 of the First Amended Complaint.

### III.  WAIVER OF ARBITRATION AGREEMENT

6. Defendants deny the allegations and inferences contained in Paragraph 6 of the First Amended Complaint.

### IV.  COVERAGE

7. Defendants deny the allegations and inferences contained in Paragraph 7 of the First Amended Complaint.

8. Defendants deny the allegations and inferences contained in Paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations and inferences contained in Paragraph 9 of the First Amended Complaint.

### V.  FACTUAL BACKGROUND

10. Defendants admit the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendants admit the allegation contained in Paragraph 11 of the First Amended Complaint that on July 1, 2021, Iyer began work as Solectrac's CEO. Defendants deny the remaining allegations and inferences contained in Paragraph 11 of the First Amended Complaint.

12. Defendants deny the allegations and inferences contained in Paragraph 12 of the First Amended Complaint.

13. Defendants deny the allegations and inferences contained in Paragraph 13 of the First Amended Complaint.

14. Defendants deny the allegations and inferences contained in Paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations and inferences contained in Paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the First Amended Complaint.

## VI.   STATEMENT OF CLAIMS

*Failure to Pay Minimum Wage in Accordance with the FLSA*

17. Defendants hereby incorporate by reference the answers to all paragraphs contained in all previous paragraphs, as though the same were fully set forth herein at length.

18. Defendants deny the allegations and inferences contained in Paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations and inferences contained in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations and inferences contained in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations and inferences contained in Paragraph 21 of the First Amended Complaint.

### *Failure to Pay Overtime Wages in Accordance with the FLSA*

22. Defendants hereby incorporate by reference the answers to all paragraphs contained in all previous paragraphs, as though the same were fully set forth herein at length.

23. Defendants deny the allegations and inferences contained in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations and inferences contained in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations and inferences contained in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations and inferences contained in Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations and inferences contained in Paragraph 27 of the First Amended Complaint.

### *Fraud/Fraudulent Inducement*

28. Defendants hereby incorporate by reference the answers to all paragraphs contained in all previous paragraphs, as though the same were fully set

forth herein at length.

29. Defendants deny the allegations and inferences contained in Paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations and inferences contained in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations and inferences contained in Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations and inferences contained in Paragraph 32 of the First Amended Complaint.

## VII.  **JURY TRIAL DEMAND**

33. Defendants admit that Plaintiff is asking for a jury trial.

## VIII. **REMEDIES**

34. Responding to the unnumbered paragraph in Plaintiff's First Amended Complaint beginning with "WHEREFORE," Defendants deny that Plaintiff is entitled to all or any portion of the damages and/or any other relief he seeks in this lawsuit.

35. Defendants deny each and every factual allegation in the First Amended Complaint not specifically or expressly admitted.

# DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff's First Amended Complaint fails, in whole or in part, to properly plead requisite allegations to establish personal jurisdiction over Defendants. *WNS Inc. v. Farrow*, 884 F.2d 200 (5th Cir. 1989); *Panda Brandywine Corp. v. Potomac Elec. Power Co*, 253 F.3d 856 (5th Cir. 2001) (per curiam); *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809 (5th Cir. 2006); *Walden v. Fiore*, 571 U.S. 277 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314 (5th Cir. 2021); *ACS Partners, LLC v. GFI Mgmt. Services, Inc.*, No. CV H-15-1111, 2015 WL 9319235 (S.D. Tex. Dec. 23, 2015).

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because this Court lacks personal jurisdiction over Defendants in their individual capacity. *Klinge v. KBL Associates, LLC*, No. SA-CV-470-XR, 2020 WL 3415877 (W.D. Tex. June 19, 2020); *Matlock v. Wal-Mart Stores, Inc.*, No. 3:07-1360-B ECF, 2008 WL 11424341 (N.D. Tex. July 10, 2008); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 (5th Cir. 2009); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999).

### THIRD DEFENSE

Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants in their individual capacity. Plaintiff's claims and allegations concern the actions of Solectrac, Inc. and Ideanomics, Inc. For example, Plaintiff does not successfully plead FLSA coverage. *See Coleman v. John Moore Services, Inc.*, No. CIV.A.H-13-2090, 2014 WL 51290 (S.D. Tex. Jan. 7, 2014). Additionally, Plaintiff fails to meet the heightened pleading standards as required by Federal Rule of Civil Procedure 9 as to his fraud claims and fails to make any allegations regarding Defendants' *mens rea*. *See U.S. ex rel Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899 (5th Cir. 1997); *see also Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004)

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were not "employers" under the Fair Labor Standards Act. *See* 29 U.S.C. § 206(a); *see also Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012).

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own actions, inactions, commissions, and/or omissions. Further, Plaintiff's claims are barred, in whole or in part, principles of waiver, estoppel, laches, and/or unclean hands.

**SIXTH DEFENSE**

Plaintiff's claims for relief are barred to the extent the damages and/or other relief he seeks exceeds that available under the statutes and/or legal theories under which he brings suit, such as compensatory and punitive damages under the Fair Labor Standards Act. *See Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 639 (W.D. Tex. 2010); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985).

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**EIGHTH DEFENSE**

Any damage, loss, or injury Plaintiff may have suffered was not caused by or attributable to Defendants. Plaintiff's claims and allegations concern the actions of Solectrac, Inc. and Ideanomics, Inc.

**NINETH DEFENSE**

Defendants did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to such actions, Defendants acted lawfully and in good faith.

**TENTH DEFENSE**

Defendants have neither acted nor failed to act in a manner entitling Plaintiff

to punitive/exemplary damages. Plaintiff's claims for punitive/exemplary damages are precluded by and/or limited by the provisions of the Fair Labor Standards Act and/or the provisions in Chapter 41 of the Texas Civil Practice and Remedies Code. Further, an award of punitive/exemplary damages against Defendants in this case would violate their constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Texas Constitution and other applicable state law, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and would violate Defendants' equal protection rights under the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff's request for jury trial is barred as to those claims to which no jury trial is available.

## TWELFTH DEFENSE

Plaintiff's claims may be barred by any or all of the Defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses is not specifically set out above cannot be determined until Defendant has had an opportunity to complete discovery. Defendant therefore incorporates all such Defenses as fully set forth therein.

### THIRTEENTH DEFENSE

Plaintiff's fraudulent inducement claim is barred in whole or in part because Plaintiff failed to satisfy one or more conditions precedent, such as identifying the contract which serves as the underlying basis of his claims. *See West African Ventures Limited v. Fleming*, 634 F.Supp.3d 391, 398 (S.D. Tex. 2022); *see also Haase v. Glazner*, S.W.3d 795, 798 (Tex. 2001).

### FOURTEENTH DEFENSE

Plaintiff's fraudulent inducement claim is barred in whole or in part because no contract exists between Plaintiff and Defendants. *See West African Ventures Limited v. Fleming*, 634 F.Supp.3d 391, 398 (S.D. Tex. 2022); *see also Haase v. Glazner*, S.W.3d 795, 798 (Tex. 2001).

### FIFTEENTH DEFENSE

Defendants reserve the right to supplement these defenses and assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as new information arises and the need for such defenses becomes known.

### CONCLUSION AND PRAYER

WHEREFORE, Defendants Alf Poor and Shane McMahon pray their Answer be deemed good and sufficient, and after due proceedings and final hearing of this matter, that the Court grant judgment in favor of Defendants, dismissing all of

Plaintiff's asserted claims with prejudice, with an award of all Defendants' attorneys' fees, expenses, and costs in defending this action assessed against Plaintiff; and that Defendants be awarded such other and further relief, at law and/or in equity, which the Court deems just and proper.

Dated: September 19, 2025.

        Respectfully submitted,

        */s/ Buena Vista Lyons*
        Buena Vista Lyons
        *Attorney In Charge*
        Texas Bar No. 00797630
        S.D. ID No. 25475
        vlyons@fordharrison.com
        Carli L. Smith
        Texas Bar No. 24140036
        S.D. Texas I.D. No. 3878814
        clsmith@fordharrison.com

        **FORDHARRISON LLP**
        1601 Elm Street, Suite 4450
        Dallas, TX  75201
        Telephone: (214) 256-4705
        Facsimile: (214) 256-4701

        **ATTORNEYS FOR DEFENDANTS**
        **ALF POOR AND SHANE MCMAHON**

**OF COUNSEL:**
Kevin S. Little
TX Bar No. 24070155
S.D. Tex. I.D. No. 1138412
klittle@fordharrison.com
**FORDHARRISON LLP**
1221 McKinney Street, Suite 4100
Houston, TX 77010
Telephone: (713) 832-2911
Facsimile: (713) 832-2910

**DEFENDANTS ALF POOR AND SHANE MCMAHON'S ORIGINAL ANSWER**
**AND AFFIRMATIVE AND OTHER DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**        Page 13

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of September, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system:

Michael E. Coles
mikec@colesfirm.com
**THE COLES FIRM PC**
8080 No. Central Expwy., Suite 1700
Dallas, TX 75206

Elizabeth Atem Lamberson
lizl@colesfirm.com
**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, TX 75214

**ATTORNEYS FOR PLAINTIFF
MANI IYER**

/s/ Carli L. Smith
Carli L. Smith